UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOREN MICHELLE TOELLE,<br><br>Defendant. | Case No. 2:16-cr-00019-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court are Defendant Loren Michelle Toelle's Motions for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkts. 569, 570. The Government opposes the motions. After considering the briefing and record, the Court will deny the motion.

# BACKGROUND

In May 2017, this Court sentenced Ms. Toelle to 212 months' incarceration after she pled guilty to conspiring to distribute methamphetamine and launder money. As of this date, she has served roughly five years in prison. Her projected release date is February 24, 2031. *See* https://www.bop.gov/inmateloc (last visited Aug. 18, 2021).

**MEMORANDUM DECISION AND ORDER - 1**

Ms. Toelle is currently incarcerated at FCI Dublin. She is 56 years old. In her motion, she checked "Yes" next to the box containing this statement:

> I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

Dkt. 569, at 5. She went on to explain that her "physical and mental condition is deteriorating at a rapid pace due to the aging process which seems to be doubling due to poor self-care, regular doctor visits and the environment of a correctional facility." *Id.* She further states that she is "[c]urrently losing my hearing and have yet to find out why and if anything can be done. Things have gotten even worse since the pandemic." *Id.* at 5. Before filing her motion with the Court, she submitted a request for compassionate release to the Warden. In that request, she claimed to have a history of heart disease (COPD). *See Ex. A to Gvt. Response,* Dkt. 572, at 182-85. Ms. Toelle has not provided medical records substantiating the alleged hearing loss or heart disease. Her medical records do show, however, that she is fully vaccinated against COVID-19. *See id.* at 177-79.

## LEGAL STANDARD

Defendant seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine

whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Ms. Toelle has exhausted her administrative remedies and her motion is thus properly before the Court.

Turning to § 3553(a) factors, consideration of these factors do not warrant a reduction of Ms. Toelle's sentence. At sentencing, the Court granted a middle-of-the-guidelines sentence. That sentence was appropriate at the time and remains so today, given defendant's extensive criminal conduct. As detailed in the Presentence Investigation Report, Ms. Toelle led a conspiracy that distributed significant amounts of controlled substances into the community and created

**MEMORANDUM DECISION AND ORDER - 3**

substantial wealth for the conspirators. Consideration of the § 3553(a) factors do not warrant a reduction to the sentence the Court imposed. *See* Dkt. 397. The Court has considered Ms. Toelle's post-sentence conduct and medical history and finds that they do not significantly alter the § 3553(a) analysis.

Next, Ms. Toelle's health conditions do not constitute extraordinary and compelling circumstances. Given the medical records that have been provided to the Court, it is not clear that Ms. Toelle does, in fact suffer from hearing loss or COPD. But even if she does suffer from some health concerns, the Court cannot find that those concerns rise to the level of an extraordinary and compelling circumstance. Further, as noted above, Ms. Toelle is fully vaccinated against COVID-19. Under these circumstances, the Court will deny the motions for compassionate release.

## ORDER

**IT IS ORDERED** that Loren Michelle Toelle's Motions for Compassionate Release (Dkts. 569, 570) are DENIED.

DATED: August 18, 2021

B. Lynn Winmill
U.S. District Court Judge