Loren Michelle Toelle #5307S-048
c/o Victorville Camp FCI Medium I
PO Box 5300
Adelanto, CA 92301

JAN 29 2024.
Revd ____ Filed ____ time Mail
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

In the United States District Court for the District of Idaho

United States of America,
                    Plaintiff,

vs.

Loren Toelle, Pro Se
                    Defendant.

CR. Case No. 2:16-CR-0019-001

Motion to Correct Sentence Based on Retroactive Criminal History Category of United States Sentencing Guidelines ("USSG") Section 1B1.10 Amendment 821, Memorandum In Support of Motion.

Motion to Correct Sentence Based on Retroactive of Criminal History Category of the United States Sentencing Guidelines ("USSG") Section 1B1.10

I am proceeding pro se, "a document filed by pro se is to be liberally construed and pro se complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 164 L.Ed 2d 1081 (2007)(internal quotation marks and citations omitted).

I. Relevant Facts

I am seeking a correction of my sentence in my case due to the passage of USSG 1B1.13 criminal history amendments relating to "status points" and certain "zero point" offender, which I am a ___zero point___ offender, which became effective on November 1, 2023.

I was sentenced on __May 2, 2017__ and received a sentence of term of incarceration of ___212___ months and ___5___ years of supervised release. On May 1, 2023, the United States Sentencing Commission submitted to Congress amendments to the sentencing guidelines and official commentary, which became effective on November 1, 2023. Section 3582(c)(2) of Title 18, United States Code, provides that "in the case of the defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of defendant or the Director of Bureau of Prisons ("BOP"), or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to 28 U.S.C. § 994(u), "[I]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

II. Reduction in Term of Imprisonment as a Result of Amended Guideline Range for zero-point Criminal History Points at New USSG Section 4C1.1 (Adjustment for certain ___zero___-Point Offenders)

I am asking that my sentence be reduced by ___42___ months, due to the new changes.

III. Conclusion

I ask that my motion be granted.

_[signature]_   January 23, 2024, Adelanto, CA

5307S048

1

Memorandum In Support of Motion to Correct
Sentence Based on Retroactive Criminal History Category
of United States Sentencing Guidelines
Section 1B1.10 Amendment 821

It is axiomatic that pro se filings should be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." Wall v. Rasnick, 42 F. 4th 214, 218 (2003).

A Court may not reduce a sentence to a term below the low end of the revised range, except in cases that originally involved substantial assistance. USSG § 1B1.10(b)(2)(A)-(B). There is documented evidence that I provided substantial assistance in bringing to justice correctional officers at FCI Dublin, to which I was also a victim (suffered physical and emotional harm).

I have also been actively programming, have low recidivism risk and been an exceptional inmate which are factors this Court can consider in § 3553(a) factors in granting my reduction of sentence by 42 months due to Amendment 821 being applied retroactively. See Dillion v. United States, 560 U.S. 817 (2010), the Supreme Court required courts to follow a two-step approach in applying retroactive guideline amendments which policy supports me in receiving a 42 month reduction. I make this pleading under the penalty of perjury that it is true and correct.

January 23, 2024, Adelanto, California

53073048